## IOWA COUNTY VS. GREEN COUNTY.

ORGANIZATION OF COUNTIES — MANDAMUS. The county of Green was created and its boundaries fixed by act of December 8, 1836, and the seat of justice was established at New Mexico, but it remained attached to the county of Iowa for judicial and municipal purposes, until January 15, 1838, when by another act, the county of Green was fully organized; but in the mean time a debt had been created in part for the benefit of the inhabitants of Green county, and the latter act provided as a condition of such separate organization of Green county, that it should pay its equal proportion of such debt, according to the number of its inhabitants, to be ascertained and audited and paid by the treasurer of Green county to the sheriff of Iowa county. *Held*, (1) that it was proper and competent for the legislative assembly to provide that such payment should be made as a condition to the entire organization of Green county.

(2.) That the claim of Iowa county against Green county in that behalf, could not be recovered in an action at law, until the amount thereof had been ascertained and audited by the county treasurer of Green county, in the manner prescribed by the act.

(3.) That if the treasurer of Green county refused to do the duty imposed on him by the act, the remedy of Iowa county was by mandamus.

ERROR to the District Court for *Jefferson* County.

This was an action of assumpsit, brought by *Iowa county* against *Green county*, and the declaration averred the corporate existence of both counties, and that on the 15th of January, 1838, *Green* county was attached to *Iowa* county for certain purposes, among which was the purpose of paying the debts due by *Iowa* county; that the amount of debts of *Iowa* county previous to that day and up to December 1, 1837, was $7,979.79, which was due and unpaid January 15, 1838; that on that day an act was passed whereby from that day *Green* county to all intents and purposes was to be and remain an organized county, with full power to do and transact all county business, and the inhabitants of the county of *Green* were required to pay to the county of *Iowa*, according to the number of inhabitants, their equal proportion of the debts remaining unpaid by the county of *Iowa ;* that by means of the premises *Green* county became liable to pay to *Iowa* county its equal proportion

of said debts, according to its number of inhabitants, being the sum of $603, and in consideration thereof undertook and promised to pay the same on request. It did not appear that the amount of such claim had been audited and ascertained by the county treasurer of Green county, as provided by the act of January 15, 1838.

The defendant demurred to the declaration, and judgment was given on such demurrer for the defendant.

*Wm. R. Smith*, district attorney, and *F. J. Dunn*, for plaintiff in error.

*H. N. Wells* and *Edward V. Whiton*, for defendant in error.

MILLER, J. On examination of this case, it appears that the legislative assembly, by an act to divide the county of *Iowa*, approved December 8, 1836, directed that townships one, two, three and four, north of ranges six, seven, eight and nine, east of the fourth principal meridian, should be and the same were thereby constituted a separate county, to be called *Green*, and the seat of justice is hereby established at New Mexico, in said county. By an act to organize the county of *Green*, approved January 15, 1838, it is provided, "that the inhabitants of the county of *Green* are hereby required to pay to the county of *Iowa*, according to the number of inhabitants, their equal proportion of the debts remaining unpaid by the county of *Iowa;*" and directs, "that the county treasurer of the county of *Green* shall audit and pay over to the sheriff of the county of *Iowa* such sums as may become due to the county of *Iowa*, under the provisions of this act, out of the first money that may come into the treasury of the said county of *Green;* and the said sheriff is hereby required to pay the same into the treasury of the county of *Iowa*, for the use of said county."

The declaration in this case is in assumpsit, for the proportion of the then debt of the county of *Iowa*, without averring that the sum had been first audited as directed in the aforesaid act. To this declaration the defendant

demurred, and the court sustained the demurrer. This judgment of the district court is the only error assigned.

The first mentioned act merely created the county of *Green*, and left the inhabitants thereof to continue attached to *Iowa* county for all judicial or municipal purposes. The second act organized the county, and permitted the inhabitants thereof to have their own courts and municipal regulations; but a debt having been created, partly for the beneft of the inhabitants of *Green* county, the legislature properly required, as a condition of such separate organization, that they should pay their proportion of such debt; and prescribed, at the same time, the manner in which the amount thereof should be ascertained. It is necessary to a recovery by the county of *Iowa*, that the amount due from the county of *Green* should be ascertained in the manner directed by the act. If the treasurer of the county of *Green* refuses to discharge his duty under the act, he can be proceeded against by a mandamus.

The judgment of the district court is affirmed, with costs.